UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON DUSENBERRY,<br><br>             Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>             Defendant. | Civil No. 07CV764-LAB(LSP)<br><br>ORDER FOLLOWING SETTLEMENT CONFERENCE, SETTING RULE 26 COMPLIANCE AND NOTICE OF CASE MANAGEMENT CONFERENCE & FURTHER SETTLEMENT CONFERENCE |

On August 6, 2007, at 2 p.m. the Court convened a Settlement Conference in the above-entitled action. Appearing were Stefan Cohn, Esq. on behalf of plaintiff and Amy Wintersheimer, Esq. on behalf of defendants. Settlement of the case could not be reached and the Court therefore discussed compliance with Federal Rule of Civil Procedure, Rule 26. Based thereon, the Court issues the following orders:

      1.  Any objections made to initial disclosure pursuant to Federal Rule of Civil Procedure, Rule 26(a)(1)(A-D) are overruled, and the parties are ordered to proceed with the initial disclosure process. Any further objections to initial disclosure will be resolved as required by Rule 26.

/ /

1

1      2.   The Rule 26(f) conference shall be completed before
2  August 31, 2007;
3      3.   The date of initial disclosure pursuant to Rule
4  26(a)(1)(A-D) shall occur before September 14, 2007;
5      4.   A discovery plan shall be lodged with Magistrate Judge
6  Papas on or before September 14, 2007; and,
7      5.   A Case Management Conference, pursuant to Federal Rule
8  of Civil Procedure 16(b) shall be held on September 24, 2007, at 2
9  p.m., in the chambers of Magistrate Judge Leo S. Papas.
10     6.   A Settlement Conference will also be held on September
11 24, 2007, at 2 p.m.  All parties or their representatives who have
12 full and unlimited authority to enter into a binding settlement, in
13 addition to the attorneys participating in the litigation, shall be
14 present at the conference.[1]
15     Failure of any counsel or party to comply with this Order
16 will result in the imposition of sanctions.
17     IT IS SO ORDERED.
18 DATED: August 7, 2007

                                         _____
                                         Hon. Leo S. Papas
                                         U.S. Magistrate Judge

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).